UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      CRIMINAL NO. 21-20747

v.                                   HON. TERRENCE G. BERG

D-9 KAPRI FATIMA OLDHAM,

       Defendant.

---

## United States' Sentencing Memorandum

---

Defendant Kapri Oldham stands convicted of conspiracy to possess with intent to deliver controlled substances, in violation of 21 U.S.C. §§ 846; 841(a)(1); (b)(1)(B)(ii). For the reasons stated in this memorandum, the government recommends that the Court impose a sentence in accordance with the Rule 11 plea agreement, **12 - 18 months' imprisonment**, which is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

## I.      Facts and procedural history

Defendant Oldham involved herself in a large-scale drug conspiracy when she showed up at Detroit Metro Airport in October 2020 to send a suitcase full of drugs to Phoenix, Arizona on behalf of other conspiracy members. She has pleaded guilty under a Rule 11 plea agreement.  The parties calculated the guideline range at 12 – 18 months, which differs from probation due to the government's error in the Rule 11.  But the Rule 11 binds the government with the error, so its recommendation will be consistent with that contract.

## II.     Section 3553(a) factors warrant a 12-18 month sentence.

The Supreme Court has noted that, in formulating the Sentencing Guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of 18 U.S.C. § 3553(a).  *United States v. Rita*, 551 U.S. 338 (2007).  While advisory, the Guidelines remain an important factor in fashioning a just sentence.  This is because "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 350.  Moreover, the guidelines "should be the starting point and the initial benchmark" for choosing a defendant's sentence.  *Gall v. United States*, 552 U.S. 38, 49 (2007).

### a.      The nature and circumstances of the offense

The nature and circumstances of this offense are undeniably serious.  Indeed,

Congress believes them to be serious enough to attach a mandatory minimum punishment of five years' imprisonment for engaging in trafficking of more than 500 grams of cocaine.

### b.      The history and characteristics of the defendant

The history and characteristics of this defendant warrant a 12 – 18 month sentence. The defendant has had a very difficult time complying with pretrial services' directives. She has recently improved, but that improvement should be guarded. The defendant has a criminal history and a history of addiction. This Court should be concerned about her ability to stay away from alcohol, and individuals that engage in criminal activity.

### c.      Seriousness of the offense, promotion of respect for the law, and just punishment for the offense

As noted above, the circumstances of Defendant's offense should not be taken lightly. This Defendant engaged herself in a high-end narcotics trafficking operation. An appropriate sentence takes into account the seriousness of this offense. A just punishment would be 12 - 18 months' imprisonment.

### d.      Adequate deterrence and protection of the public

This defendant needs to be deterred, and a guideline sentence will, hopefully, be enough time for Defendant to learn to control her actions. The public deserves to

3

be free from drug trafficking, and all the consequences that come with it, in their communities.

> **e.      Providing defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; kinds of sentences available and the need to avoid unwarranted sentencing disparities**

The Bureau of Prisons has the expertise to classify and assign Defendant to the appropriate facility.  The recommended sentence in this case fits comfortably within the range of sentences that similarly situated defendants receive.

## IV.     Conclusion

The United States recommends a sentence of 12 - 18 months' imprisonment.


Respectfully submitted,

JEROME F. GORGON JR.,
United States Attorney


s/Margaret M. Smith
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9135
E-Mail: margaret.smith@usdoj.gov
Bar No. P71413

Dated: November 26, 2025

**Certificate of Service**

I certify that on November 26, 2025, I electronically filed the Government's Sentencing Memorandum with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following:

Lillian F. Diallo,
Attorney for Defendant Kapri Oldham

s/ *Margaret M. Smith*
Assistant U.S. Attorney
United States Attorney's Office